UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────

RICHARD BITTLEMAN,

               Petitioner,

       V.

A. ZON, Superintendent of Cape Vincent
Correctional Facility,

Kirk Zuelech, State Attorney for the 16th
Judicial Circuit of Florida,

               Respondents.

────────────────────────────────────

           **REPORT AND**
      **RECOMMENDATION**

       01-CV-1258

## I. INTRODUCTION

Petitioner Richard Bittleman, proceeding *pro se*,[1] commenced this action seeking

habeas corpus relief under 28 U.S.C. § 2254.  Petitioner challenges the lawfulness of a

detainer lodged against him by the State of Florida pursuant to the Interstate Agreement on

Detainers.  See New York Criminal Procedure Law ("CPL") § 580.20; 18 U.S.C. App. § 2.

    When Petitioner filed this case, he was incarcerated at the Gouverneur Correctional

Facility and was serving an indeterminate sentence of 2 to 4 years based upon a conviction

for Criminal Possession of a Forged Instrument in the Second Degree.  According to the

New York State Department of Correctional Services ("NYSDOCS"), Petitioner's sentence

term has since expired and he was released from the custody and supervision of NYSDOCS

─────────────────

[1]Subsequent to filing the instant Petition, Norman P. Effman, Esq, of Attica, New York, appeared
as counsel for Petitioner.  See (Docket No. 48).

on May 14, 2005.[2]  In his Petition, Petitioner does not contest the constitutionality of his New York State conviction, but rather the lawfulness of the detainer lodged against him in the State of Florida.  See (Docket No. 32, Petitioner's "Amended Petition").

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 51).

## II. BACKGROUND

On September 10, 1999, Petitioner pled guilty to a Superior Court Information, which accused him of Criminal Possession of a Forged Instrument in the Second Degree.  (T at 13)[3].  On November 9, 1999, the Honorable Michael Dwyer, Oneida County Court Judge, sentenced Petitioner to 2 to 4 years in state prison.  (R at Exhibit M)[4].

Petitioner commenced this action on August 9, 2001, by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1).  After filing various motions, Petitioner filed an Amended Petition on March 21, 2002.  (Docket No. 32).  Respondent filed submissions in opposition.  (Docket No. 45 & 47).  On August 12, 2002, Norman P. Effman, Esq. appeared as attorney of record for Petitioner in this matter. (Docket No. 48).

For the reasons stated below, the Petition for habeas corpus relief should be

---

[2]Petitioner was also released from any parole supervision.

[3] References preceded by "T" are to the transcript pages of Petitioner's plea colloquy before the Honorable Michael Dwyer, Oneida County Court Judge, held on September 10, 1999.

[4]References preceded by "R" are to the State Court Records provided to this Court.

DISMISSED.

## III. DISCUSSION

### A.      Federal Habeas Corpus Standard

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted).

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

While both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714,

715 n. 1 (2d Cir. 1997), AEDPA also requires a Petitioner to rebut that presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002).  A presumption of correctness applies to findings by both state trial and appellate courts.  Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law.  A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts."  Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case."  Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.  In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**B.      Petitioner's Claims**

Petitioner asserts five claims in support of his Petition: (1) that his right to a speedy trial has been violated under the Interstate Agreement on Detainers[5] ("IAD"), (2) that his right to a speedy trial (as related to the detainer) was violated under the United States Constitution, (3) that his right to a speedy trial was denied through no fault of his own, violating the Constitution, (4) "[n]on-feasance of government official cannot toll the running of set time period in derogation of prisons rights" (Docket No. 32 at 6 "Ground Four"), and (5) "[v]iolation of signatorys [sic] parties, under IAD Sec. VII to correct deficioncies [sic] in forms or IAD and languease [sic] in state statues [sic] continues to not inform prisoners of there [sic] responsibilitys [sic] and rights under DAP, violating the U.S. Const." (Docket No.

_____

[5]      The Interstate Agreement on Detainers (Agreement) is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. The Agreement is a congressionally sanctioned interstate compact within the Compact Clause, U.S.Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction. Cuyler v. Adams, 449 U.S. 433, 438-442, 101 S.Ct. 703, 706-708, 66 L.Ed.2d 641 (1981).

A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. See id., at 436, n. 3, 101 S.Ct., at 706, n. 3 (citing and quoting H.R.Rep. No. 91-1018, p. 2 (1970), and S.Rep. No. 91-1356, p. 2 (1970)), U.S.Code Cong. & Admin.News 1970, p. 4864; United States v. Mauro, 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978); Moody v. Daggett, 429 U.S. 78, 80-81, n. 2, 97 S.Ct. 274, 275, n. 2, 50 L.Ed.2d 236 (1976); Council of State Governments, Suggested State Legislation, Program for 1957, p. 74 (1956). Detainers generally are based on outstanding criminal charges, outstanding parole or probation-violation charges, or additional sentences already imposed against the prisoner. See Dauber, Reforming the Detainer System: A Case Study, 7 Crim.L.Bull. 669, 676 (1971). See generally L. Abramson, Criminal Detainers (1979).

[T]he purpose of the Agreement is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints."

Carchman v. Nash,  473 U.S. 716, 719-720, 105 S.Ct. 3401,3403 (1985).

32 at 6 "Ground Five").

Critically, none of Petitioner's asserted claims challenge the constitutionality of his conviction in New York State for which he was imprisoned.  As noted above, Petitioner has completed his sentence and was released from NYSDOCS custody and supervision on May 14, 2005.

### 1.    "In Custody" Requirement

As this Court has previously noted, "[a] petitioner may file a petition for habeas relief only if he is 'in custody.'" Baker v. Murray, 460 F. Supp.2d 425, 428 (W.D.N.Y. 2006).  The Supreme Court has determined that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *'in custody* in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923,1925 (1989) (citing 28 U.S.C. § 2241(c)(3)) (emphasis added); see also 28 U.S.C. § 2254(a); Wheel v. Robinson, 34 F.3d 60, 63 (2d Cir. 1994 (citing 28 U.S.C. § 2254(a)).  "We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence *under attack* at the time his petition is filed." Maleng, 490 U.S. at 490-491 (emphasis added)  (citing Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)).

Petitioner was in custody pursuant to a New York State conviction when he commenced this case.  However, Petitioner did not attack the conviction for which he was "in custody" at the time of filing.  Moreover, Petitioner is not presently in custody or under any supervision of DOCS.   Petitioner does not, in any way, contest the circumstances surrounding his guilty plea and New York conviction of Criminal Possession of a Forged

Instrument.  Rather, he attacks the constitutionality of a Florida detainer.  Because Petitioner was not in custody under the detainer at the time this action was filed, Petitioner fails to meet the "in custody" requirement of § 2254 and therefore the Court lacks jurisdiction to resolve his Petition.  Id.

### 2.    "Case or Controversy" Requirement

In addition, even if the Court had jurisdiction to review the claims presented by the Amended Petition, such claims are moot because this action no longer satisfies the "case or controversy" requirement of Article III, § 2 of the U.S. Constitution.

As is the case with all litigants in federal court, Petitioner must satisfy the "case or controversy" requirement of Article III, Section 2, of the Constitution in order to be eligible for relief.  "A case becomes moot if, *at any stage of the proceedings*, it fails to satisfy the case–or–controversy requirement of Article III, Section 2, of the Constitution."  Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir.2004) (emphasis added).

"In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist."  So v. Reno, 251 F.Supp.2d 1112, 1121 (E.D.N.Y. 2003); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir.2002).

Collateral consequences are presumed in the case of a petitioner challenging his underlying criminal conviction because of the "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences."  Id. (citing Sibron v. New York, 392 U.S. 40, 54-55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)).

However, prevailing case law holds that no such presumption applies in challenges

to proceedings other than the underlying criminal convictions, as is the case here. See, e.g., Spencer v. Kemna, 523 U.S. 1, 13, 118 S.Ct. 978 (1998) (challenge to a finding of parole violation); United States v. Mercurris, 192 F.3d 290 (2d Cir.1999)(petitioner challenging a sentence enhancement); United States v. Probber, 170 F.3d 345 (2d Cir.1999) (challenge to revocation of supervised release).   In these cases, the courts generally require that a petitioner demonstrate a concrete injury in fact in order to avoid dismissal for failure to satisfy the "case or controversy" requirement. Id.

As discussed above, Petitioner is challenging a proceeding other than his underlying conviction, and is therefore required to demonstrate a concrete injury. Id.   Petitioner has failed to make such a showing.  This Court simply has no way to determine on the record presented what concrete injury, if any, Petitioner has sustained or is likely to sustain as a result of the apparent existence of the Florida detainer.  There are many situations in which the courts have already held that certain alleged collateral consequences are not sufficient to satisfy Article III's case or controversy requirement. See, e.g., Spencer, 523 U.S. at 15, 118 S.Ct. 978 (damage to reputation, potential use against petitioner in future civil or criminal proceedings and possible use to support an increased or more severe sentence in a subsequent proceeding); Probber, 170 F.3d at 349 (damage to reputation or the possibility that petitioner might be wrongfully convicted in the future was too speculative to be considered a concrete injury). As applied to the present Petition, the Court finds that any of the above consequences, to the extent they apply to Petitioner, would similarly be insufficient to establish a concrete injury.  Accordingly, the Petition for habeas corpus relief should be DISMISSED.

### 3.      Local Rules - Address Notification Requirement

Further, an additional and independent ground for dismissal is Petitioner's failure to keep the Court informed of his current address. Rule 10.1(b) of the Local Rules of Civil Procedure for the United States District Court of the Northern District of New York states that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address."  Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1 (b) "may result in the dismissal of any pending action." "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions."  Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y. 2006)(citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

A review of the Docket demonstrates that Petitioner is aware of this rule as he has previously notified the Court of various changes in his address.  See (Docket No. 28, 39 & 40).  However, the recent Docket activity demonstrates that Petitioner has failed to comply with the address notification requirement.  Specifically, numerous pieces of court correspondence have been returned as undeliverable.  See (Docket No. 50, 53, & 54). Petitioner has been free from DOCS custody for almost two years and has not, in that time, notified the Court of his release or of a new address.  In light of the foregoing, this Court finds that attempting to remind Petitioner of his obligation to comply with Local Rule 41.2 (b) would be futile.  Accordingly, as a result of Petitioner's failure to furnish the Court with a current address or keep the Court informed of his release and recent change in address, the Petition should be DISMISSED with prejudice pursuant to Local Rule 41.2 (b).  See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v.

9

Rabideau,  2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Richard Bittleman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and that his petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:      April 6, 2007
            Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b)**

of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).


SO ORDERED.

April 6, 2007

Victor E. Bianchini
United States Magistrate Judge